IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:14-cr-127-MHT |
| | ) | |
| SUSIE MICHELLE STRENGTH | ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**            Nicole Ramos

**ASSISTANT U.S. ATTORNEY:**      Robert G. Anderson

## COUNTS AND STATUTES CHARGED:

COUNT 1 –   Tampering with a Consumer Product
18 U.S.C. § 1365(a)

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

COUNT 1 –   Tampering with a Consumer Product
18 U.S.C. § 1365(a)

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1      18 USC § 1365(a)
10 years imprisonment
$250,000 fine
3 years supervised release
$100 special assessment fee

## ELEMENTS OF THE OFFENSE:

18 USC § 1365(a) Tampering with a Consumer Product

To prove the charge set out in Count 1 of the Indictment, the Government must prove

beyond a reasonable doubt all of the following elements:

1. The Defendant tampered with, or attempted to tamper with, a consumer product, its labeling, or its container;

2. The consumer product affected interstate or foreign commerce;

3. The Defendant acted with reckless disregard for the risk that another person would be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert G. Anderson, Assistant United States Attorney, and Nicole Ramos, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment, and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the Government agrees, with the defendant, to the following:

   a. The base offense level is 25. See, U.S.S.G. § 2N1.1;

   b. The two-level decrease for acceptance of responsibility is applicable and, if Defendant's offense level is 16 or more, the Government will move for an additional 1-level decrease based on Defendant's timely notification of her intent to plead guilty.

   c. Notwithstanding that the Defendant's adjusted offense level is 22, the Government agrees with the Defendant that the Defendant should be sentenced to a term of 24 months of imprisonment and recommended for immediate placement in the Bureau of Prisons' intensive Residential Drug Abuse Program ("RDAP"), and the Government consents to any variance necessary to sentence the Defendant to a term of 24 months of imprisonment.

d. No upward departures and/or upward variances from the offense level or criminal history category are applicable in determining defendant's term of imprisonment.

2. The Government agrees that it will not seek any other adjustments to the offense level, provided that if the presentence report determines that one or more other adjustments are applicable and defendant objects to that determination, then (a) the Government may argue that the adjustment is appropriate, and (b) a decision by the Court to overrule the objection would not provide defendant with a basis to withdraw her plea.

3. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

4. If Defendant pleads guilty and is sentenced on Count 1 of the Indictment, the Government will bring no further charges against Defendant based on her participation in the conduct described in the Indictment and in the factual basis section of this Agreement. Further, the Government will recommend, as noted above, that the Court sentence the Defendant to a term of 24 months of imprisonment.

5. Except as stated in paragraphs 1- 4 above, the Government reserves the right to take a position on all sentencing issues.

## DEFENDANT'S PROVISIONS

6. The Defendant agrees to plead guilty to Count 1 of the Indictment.

7. Except as stated in paragraph 1 of the Government's provisions and paragraph 9 of the Defendant's provisions, Defendant reserves her right to take a position on all sentencing issues.

3

## **FACTUAL BASIS**

8.      The Defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof that the defendant committed the crime of Tampering with a Consumer Product in violation of Title 18, United States Code, Section 1365(a) as follows:

a.      On or about May 16, 2013, in Autauga County, within the Middle District of Alabama, SUSIE MICHELLE STRENGTH, accessed a vial of Morphine Sulfate from the Pyxis machine at Prattville Baptist Hospital in the course of her employment as a Registered Nurse at the hospital.

b.      After accessing a vial of Morphine Sulfate, SUSIE MICHELLE STRENGTH , tampered with the container and removed a portion of the Morphine Sulfate contained within such vial with a syringe and replaced the Morphine Sulfate she removed with saline solution, and then returned the vial of Morphine Sulfate containing only 1.8 mg of the prior 10 mg quantity to the Pyxis machine.

c.      The vial of Morphine Sulfate was purchased from a national supplier and traveled in interstate commerce prior to the time at which the Defendant tampered with the vial.

d.      At the time that she tampered with the vial of Morphine Sulfate at Prattville Baptist Hospital, SUSIE MICHELLE STRENGTH acted with reckless disregard that another person, namely, a patient at Prattville Baptist Hospital, would be placed in danger of death or bodily injury as a direct result of the tampering, and she acted under circumstances manifesting extreme indifference to such risk.

4

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK.

9. *Defendant's Waiver.* By entering into this Plea Agreement, the Defendant knowingly and voluntarily waives any and all of her rights under 18 U.S.C. § 3742 to appeal the sentence in this case. The Defendant specifically waives her right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The Defendant further expressly waives her right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.

*Exceptions.* This waiver does not include (and the Defendant expressly reserves) the right to appeal or collaterally attack the sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The Defendant is released from this appeal waiver if the Government files an appeal under 18 U.S.C. § 3742(b).

*No Waiver by Government.* Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case. as set forth in 18 U.S.C. § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

10. After conferring with her attorney, and before entering a plea of guilty to Count 1 of the Indictment, the Defendant advises the Court that she understands the following to be true:

5

a. The Defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against her, the right to call witnesses on her behalf, and the right not to be compelled to incriminate herself. By entering a plea of guilty, the defendant waives all of the rights associated with a trial, and there will be no trial of any kind in this case.

b. Ordinarily, the Defendant would have the right to appeal her conviction and sentence to a higher court, but under the terms of this agreement, the Defendant has agreed to waive that right, except under the limited circumstances set forth in paragraph 9 above. Appeal waivers such as this one are generally enforceable, but the Defendant nonetheless has the right to consult with her attorney about an appeal and can instruct her attorney to file an appeal on her behalf. If she cannot afford the cost of an appeal, the Defendant may apply for leave to appeal *in forma pauperis*. Any notice of appeal must be filed within fourteen (14) days of the date of the final judgment.

c. In entering a plea of guilty herein, the Court may ask the Defendant questions about the offense to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime(s) charged in the Indictment, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the Defendant, except in a criminal proceeding for perjury or false statement, and only if the Defendant makes a false statement under oath, on the court record, and in the presence of counsel.

d. The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the Defendant's criminal history, as well as any relevant conduct related

to the offense to which the plea is offered. The offense level or criminal history category calculated by the Probation Officer and determined by the Court may differ from that projected by Defendant's counsel or the Government.

     e.     At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the Defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

     f.     <u>The Court is not bound to accept the terms of this Plea Agreement</u>. If the Court rejects this Plea Agreement, the Defendant will be given an opportunity to withdraw her guilty plea. If the Defendant does not withdraw her plea at that time, the Court may dispose of the case either more favorably or less favorably toward the Defendant than this Plea Agreement contemplated.

     g.     In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in Title 18, United States Code, Section 3553(a).

     h.     There is no possibility of parole in the federal prison system, and the Defendant will likely serve all or substantially all of her prison sentence, less any credit or reduction she may receive for successful completion of the RDAP program.

     i.     If the Court imposes a fine in this case, the Defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the Defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the Defendant's assets and liabilities as of the date of the

offense. The Defendant further understands that by completing the financial statement, she is representing that it is true and accurate to the best of her knowledge, information, and belief.

      j.      Pursuant to 18 U.S.C. § 3013, the Defendant will be ordered at sentencing to pay an assessment fee of $100.00, which will be due and payable to the Court immediately.

      k.      This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the Defendant. Those discussions were all conducted with the Defendant's authorization, knowledge, and consent.

      l.      This Plea Agreement and the plea to be entered by the Defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

      m.      The Defendant understands that, if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## REPRESENTATIONS OF THE PARTIES

      11.      The undersigned attorneys for the Government and for the Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

      12.      The attorney for the Defendant represents to the Court that she has advised the Defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraphs 9 and 10 herein, and that she is satisfied that the Defendant adequately understands all of the contents of this Plea Agreement.

This _18th_ day of July, 2014.

8

Respectfully submitted,

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

Robert G. Anderson
Assistant United States Attorney

Louis V. Franklin, Sr.
Assistant United States Attorney
Chief, Criminal Division

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Nicole Ramos, A.P.D., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

Susie Michelle Strength
Defendant

Date 7/18/14

Nicole Ramos, A.P.D.
Attorney for the Defendant

Date 7/18/14

9